UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBBIE J. TERRAGO | ) | CASE NO. 4:13CV1985 |
| | ) | |
| Plaintiff | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| v. | ) | |
| | ) | **MEMORANDUM AND OPINION** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

Debbie J. Terrago, Plaintiff herein, requests the Court render a final judgment on her claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (Pl.'s Br. at 1). The Court denies the Plaintiff's request for the following reasons:

I.     **PROCEDURAL HISTORY**

Plaintiff applied for supplemental security income (SSI) under Title XVI of the Social Security Act (Act) on July 19, 2007 (Tr. 329-31). The state agency denied Plaintiff's claim at the initial and reconsideration levels of administrative review (Tr. 151-152, 154). Two subsequent hearings were held on March 12, 2009 (Tr. 45-72) and August 24, 2010 (Tr. 73-99), with decisions rendered on June 11, 2009 (Tr. 159-166), and September 8, 2010 (Tr. 175-182), respectively. Although the ALJ found Plaintiff disabled as of April 5, 2010 in the latter decision, Plaintiff appealed that decision in an attempt to expand the period of disability. As a result, two additional hearings were held on October

1

18, 2012 (Tr. 100-108), and March 12, 2013 (Tr. 109-150).  A third decision, this time by another

ALJ, was issued on April 11, 2013 (Tr. 12-32), finding Plaintiff not disabled under the Act, due to an

ability to work at several jobs in the national economy (Tr. 22).  The Appeals Council's denial of

Plaintiff's request for review on July 11, 2013 became the final decision of the Commissioner (Tr. 1-

4).  Plaintiff now seeks review of the ALJ's decision.


## II.     STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to

disability insurance benefits and supplemental security income.  These steps are:

1.    An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (Sections 20 C.F.R. 404.1520(b) and 416.920(b) (1992);

2.    An individual who does not have a "severe impairment" will not be found to be "disabled" (Sections 20 C.F.R. 404.1520(c) and 416.920(c) (1992);

3.    If an individual is not working and is suffering from a severe impairment which meets the duration requirement, *see* Sections 20 C.F.R. 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in Sections 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (Sections 20 C.F.R. 404.1520(d) and 416.920(d) (1992);

4.    If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (Sections 20 C.F.R. 404.1520(e) and 416.920(e) (1992);

5.    If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (Sections 20 C.F.R. 404.1520(f) and 416.920(f) (1992).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992).  The claimant has the burden of going forward

2

with the evidence at the first four steps, and the Commissioner has the burden at Step Five to show that alternate jobs in the economy are available to the claimant, considering her age, education, past work experience and residual functional capacity.  *See, Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### III.    STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability.  This Court's review of such a determination is limited in scope by Section 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. Section 405(g). Therefore, this Court is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards.  *See, Abbott v. Sullivan,* 905 F.2d 918, 922 (6th Cir. 1990).  The Court cannot reverse the ALJ's decision, even if substantial evidence exists in the record that would have supported an opposite conclusion, so long as substantial evidence supports the ALJ's conclusion.  *See, Walters v. Commissioner of Social Security,* 127 F.3d 525., 528 (6th Cir. 1997).  Substantial evidence is more than a scintilla of evidence, but less than a preponderance.  *See, Richardson v. Perales,* 402 U.S. 389, 401 (1971).  It is evidence that a reasonable mind would accept as adequate to support the challenged conclusion. *See, id., Walters,* 127 F.3d 525, 532 (6th Cir. 1997).  Substantiality is based upon the record taken as a whole.  *See, Houston v. Secretary of Health and Human Servs.,* 736 F.2d 365 (6th Cir. 1984).

### IV.    ANALYSIS

In this case, Plaintiff raises one argument.  That argument does not attack the merit of the

3

ALJ's decision that Plaintiff was not disabled.  Plaintiff argues that the time period at issue was too long, and, as a result, overruled a prior decision of disability.  The ALJ correctly followed an Appeal Council order requesting the previous decision be vacated and a new decision, covering the entire period from Plaintiff's application date to that of the new decision, be applied.  The Court finds that substantial evidence supports the ALJ's decision that Plaintiff did not meet the criteria for disability.

The ALJ evaluated Plaintiff's claims for SSI, using the sequential evaluation process set forth under Section II herein (Tr. 15-24).  If the Commissioner finds conclusively that a claimant is disabled or is not disabled at any point in the sequence, review does not proceed to the next step.  20 C.F.R. Section 416.920(a).  At Step One, the ALJ found that Plaintiff had not performed substantial gainful activity since July 19, 2007, the application date (Tr. 17).  At Step Two, the ALJ found that Plaintiff had severe impairments of degenerative disc disease and obesity (Tr. 17).  *See* 20 C.F.R. Section 416.920(e)-(g).  The ALJ thereafter assessed Plaintiff's residual functional capacity (RFC).  *See* 20 C.F.R. Section 416.920(e)-(g).  The ALJ reviewed the relevant medical and non-medical evidence of record, and determined that Plaintiff retained the RFC to perform a full range of light work at all exertional levels, but with the non-exertional limitations of an ability to occasionally stoop, balance, crawl, and kneel; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs; and have no exposure to workplace hazards, such as unprotected heights or exposure to dangerous moving machinery (Tr. 19).  Based upon Plaintiff's age, education, past relevant work experience, and RFC, the ALJ found that Plaintiff could perform the jobs of a hand packager, laundry worker, and sandwich maker (Tr. 23).  Thus, the ALJ found Plaintiff not disabled.

Plaintiff argues that she "should not be prejudiced and hammered with a termination of benefits already being paid solely because [s]he exercised [her] constitutional right to appeal a denial of government benefits paid for a different period of time" (Pl.'s Br. at 5).  In addition, Plaintiff argues

4

that she requested the ALJ to only discuss the time period related to "the protective filing date of July 19, 2007 up through the date she was found disabled as of May 5, 2010" (Pl.'s Br. at 5).

However, the ALJ correctly "consider[ed] the objection." and constructively ruled against it when he discussed the time period of July 19,2 007 through the date of his decision, on April 11, 2013 (Pl.s Br. at 5).

The Appeals Council decision, dated March 19, 2012, states that, "[u]nder the authority of 20 C.F.R. 404.977 and 416.1477, the Appeals Council vacates the entire hearing decision....Review can result in making any part of the decision fully or partially favorable, or completely unfavorable to the claimant" (Tr. 191).  Therefore, when Plaintiff's request for remand was granted, the previous ALJ's decision was vacated, and the current ALJ was left to reconsider Plaintiff's claims, *de novo*, for the entire adjudicated period, including the period after May 5, 2010 (the period for which she was previously found disabled).  *See* Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-8-811 ("the Appeals Council will generally vacate the final decision of the Commissioner that the Court remanded.  When the Appeals Council vacates a final decision of the Commissioner, the ALJ must consider all pertinent issues de novo"); Programs Operation Manual System (POMS) DI32561.015 (upon remand, the ALJ may issue a fully favorable, partially favorable, or unfavorable decision).

Next, during the March 12, 2013 hearing, when Plaintiff initially requested the ALJ limit the relevant time period, to end in May 2010, the ALJ provided a proper and correct reason for denying that request.  The ALJ stated that, "based on that Appeals Council order I have to consider everything, the entire period," not just the period limited to Plaintiff's previously-determined disability (Tr. 116).

Finally, the ALJ reviewed the medical evidence of record for the appropriate time period in accordance with SSA regulations.  SSI benefits are payable only as of the month after the month in which the application is filed.  *See* 20 C.F.R. Sections 416.335, 416.501.  Therefore, the relevant

period begins on Plaintiff's application date, July 19, 2007, and ends on the date of the ALJ's decision, April 11, 2013. *See* 20 C.F.R. Section 416.330.

## VIII.  CONCLUSION

Based upon a review of the  record and law, the undersigned affirms the ALJ's decision. Substantial evidence supports the ALJ's decision, and, therefore, Plaintiff's request to vacate the Appeals Council's decision and that of the ALJ and to remand this case to the Commissioner for further findings is denied.

Dated: May 30, 2014                                  _____/s/George J. Limbert_____
                                                                    GEORGE J. LIMBERT
                                                                    UNITED STATES MAGISTRATE JUDGE

6